### DUGGER et ux. v. BANNER.
### No. 3276.

Court of Civil Appeals of Texas. El Paso.

Oct. 31, 1935.

W. C. Jackson, of Fort Stockton, and Millard Parkhurst, of Dallas, for appellants.

WALTHALL, Justice.

This appeal is prosecuted from an order of the county court of Upton county dismissing the appeal prosecuted from the justice of the peace court, on motion of appellee for reasons stated in the motion.

Appellee has not filed a brief in this court.

The proceedings had in the justice court on the trial of the case, including the judgment there entered and the appeal bond, in the effort to appeal the case to the county court are in the transcript here.

We adopt the statement of appellant as to the nature and result of the suit. It is substantially as follows:

"Statement of Nature and Result of Suit.

"This suit was filed in the Justice Court of Precinct No. 4, Upton County, by J. J. Banner, appellee herein, against Chester Dugger, et ux., on the 23rd day of October, 1934. Suing for an automobile or its value, of the alleged value of $100.00, also for $13.32 license on car, $11.50 for battery on car, and $3.90 worth of gasoline and oil. Also for actual and exemplary damages in the sum of $70.00. The case was tried in Justice Court November 26, 1934, before a jury. The jury finding in favor of the defendants (appellants here). On the 5th of December, 1934, the judgment of the Justice Court rendered on the 26th of November, theretofore was set aside and a new trial granted.

"The transcript from the Justice Court shows that on the 18th day of December, 1934, the Justice of the Peace, Ernest B. Van Zandt, was unable to hear and try the case on account of his absence from the precinct. The attorneys for plaintiff and defendant thereupon agreed that the case might be tried by A. M. Blackman as Special Justice of the Peace (under article 2399, Revised Civil Statutes.) Blackman took the oath of office and tried the case.

"The case was tried before A. M. Blackman as Special Justice of the Peace, on the 18th day of December, 1934, without a jury. Judgment was rendered for the plaintiff for the possession of the automobile sued for, and against the defendants, in favor of plaintiffs; and against the defendants and the sureties on their replevy bond, to-wit, M. H. Goods, Sr., and George Collins. For automobile sued for or for $75.00 being the value of property replevied.

"Appellants filed their appeal bond on the 26th day of December, 1934. This bond was approved by A. M. Blackman as Special Justice of the Peace; and by Ernest B. Van Zandt, Justice of the Peace, Precinct No. 4, Upton County, Texas.

"In the County Court on February 5th, 1935, the appellee herein, filed motion to dismiss the appeal.

"On the 5th day of February, 1935, the County Court of Upton County, Texas, sustained appellee's motion to dismiss the appeal and entered judgment dismissing the appeal and directing that execution issue on the judgment rendered in this cause in the Justice Court. The appellants herein excepted to such action and the judgment of the County Court, and gave notice of appeal to this Court.

"After the motion had been presented and acted upon, dismissing the appeal in this case by the County Court the defendants therein (appellants here) requested the court to permit them to prepare and file a new or amended appeal bond, and transcript which request was by the court refused, the appellants herein again gave notice of appeal. The appellant herein filed appeal bond in this cause on the 23rd day of February, 1935, in the County Court of Upton County which was duly approved by the County Clerk of said County. On the same date, February 23, 1935, the appellants herein filed their supersedeas bond with the County Clerk of Upton County, Texas, which was by him duly approved.

"The transcript in this case was filed in this court within the time provided by law. This case is now therefore before this Court for consideration and request for reversal."

### Opinion.

Appellants in their several propositions submit that the appeal bond filed in the justice court and approved by the justice of the peace is in substantial compliance with the law, and was sufficient to give the county court jurisdiction of the case; that if for any reason the bond was insufficient, the county court having obtained jurisdiction, appellants should have been permitted to file an appeal bond which, in the judgment of the court was sufficient.

The appeal bond given and approved in the justice court, and the judgment entered, are in the transcript. We have carefully considered the several grounds in the mo-

tion to dismiss the appeal as applied to the bond. We think we need not determine the sufficiency of the bond, but have concluded that if the bond was defective for any reason, it was sufficient to give the county court jurisdiction, and to permit the giving of the new bond. If the bond given was sufficient as a statutory obligation, there would be no necessity for a statute authorizing the filing of a new bond correcting defects that might be found in the old bond.

We think the court was in error in dismissing the appeal.

The case is reversed and remanded.